IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax Exemption

HARVEST CHRISTIAN CHURCH,    )
    )
        Plaintiff,    )    TC-MD 130231C
    )
    v.    )
    )
MULTNOMAH COUNTY ASSESSOR,    )
    )
        Defendant.    )    **DECISION**

Plaintiff appealed Defendant's denial of its application for property tax exemption for the 2012-13 tax year for property identified in the assessor's records as Account R322136. The court held a case management hearing by telephone July 22, 2013. Mike Halstead (Halstead), Senior Pastor, appeared for Plaintiff. Debbie Atwood and Sally Brown, employees of the Multnomah County Assessor's office, represented Defendant. After some initial discussion during the July 22, 2013, hearing, regarding the legal basis for Plaintiff's appeal, Halstead advised the court that he had no specific statute or rule to support his request that the court allow the exemption, and that he saw no reason to go forward to trial (which would only require the expense of additional resources), preferring, instead, that the court simply rule on the information provided. Defendant representatives advised the court that they had no objection to the court ruling on the pleadings, including submissions attached thereto.

## I. STATEMENT OF FACTS

The undisputed facts are as follows. Plaintiff subleases a portion of the subject property from Mastery Learning Institute (MLI), which, in turn, leases from the building's owner who is located in central Oregon. (Ptf's Compl at 3.) Plaintiff has been subleasing the property for

/ / /

eight years. (*Id*.) Plaintiff has previously filed exemption applications and received a property tax exemption under applicable Oregon law.

Plaintiff's "lease with MLI was scheduled to renew on July 1, 2012." (*Id*.) Plaintiff received a blank exemption application form in the mail from Defendant. Plaintiff's office manager filled out the application "[i]n June 2012," and "forwarded it to MLI's business office, so they could sign their section of the lease." (*Id*.) Plaintiff states that MLI "was responsible for forwarding the completed application to Multnomah County." (*Id*.) Plaintiff assumed the application and lease agreement had been forwarded to Defendant.

Plaintiff states in a letter to the court that it "received a notice from the County on February 28, 2013 that they had not received [the exemption application] paperwork, and the property would not be considered tax exempt." (*Id*.)

Plaintiff responded by filing an application for exemption with Defendant in March 2013. Plaintiff did not include a $200 filing fee with its March 2013 application. Defendant reviewed that application, which was for the 2012-13 tax year, and by letter dated March 27, 2013, Defendant denied Plaintiff's application. The stated reason for denial in Defendant's notice was that "[t]he application was filed too late to qualify in accordance with ORS 307.162." (*Id*. at 5.)

Plaintiff appealed Defendant's March 27, 2013 exemption application denial to this court, asking the court to "overturn the denial." (*Id*. at 1.) Defendant filed an Answer asking the court to sustain its denial. (Def's Ans at 1.)

## II. ANALYSIS

Oregon has a statute that provides for the exemption of qualifying property owned or being purchased by qualifying religious organizations. ORS 307.140.[1] Leased property is

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

governed by the provisions of ORS 307.112. In order to qualify, the organization must file an application in accordance with the provisions of ORS 307.112(2). Generally speaking, the application deadline is "April 1 preceding the tax year for which the exemption is claimed[.]" ORS 307.112(4)(a). The exemption, once granted, as in this case, "continues as long as the use of the property remains unchanged and during the period of the lease, sublease or lease-purchase agreement." ORS 307.112(5)(a). The execution of a new lease requires the filing of a new application.

Plaintiff's existing lease expired June 30, 2012, but the parties executed a new lease granting Plaintiff use of the property beginning July 1, 2012. (Ptf's Compl at 3.) Plaintiff apparently had the new lease document from MLI, which it signed and forwarded to MLI for them to sign and pass on to Defendant along with the new exemption application Plaintiff had filled out. (Ptf's Compl at 3.) The deadline for that application was "30 days after the date [of] the lease, sublease * * *." ORS 307.112(4)(a)(A). MLI did not file the exemption application and lease renewal with Defendant. Defendant therefore removed the property from exemption, sending Plaintiff a letter to that effect in February 2013.

There are a number of extended application deadlines provided under ORS 307.162(2) made available to lessees under ORS 307.112(4)(a)(B). Plaintiff filed a late application in March 2013. Plaintiff missed the December 31, 2012, deadline provided in ORS 307.162(2)(a)(A). Plaintiff does not qualify for the April 1, 2013, extended deadline provided in ORS 307.162(2)(a)(B), because it did not submit the required $200 late filing fee and, is not a

/ / /

/ / /

/ / /

first-time filer.[2]  No other extended application deadlines apply.  The court is not aware of any other authority it has to waive or otherwise excuse the applicable filing application requirements.

III.  CONCLUSION

The court has carefully considered the facts presented in light of applicable law and concludes that Plaintiff is not entitled to property tax exemption for the 2012-13 tax year because its application was not timely filed, including applicable extended filing deadlines.  Defendant did not err in denying Plaintiff's untimely filed exemption application.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of July 2013.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Dan Robinson on July 31, 2013.  The Court filed and entered this Decision on July 31, 2013.*

---

[2] An additional requirement under that extended deadline provision is that the taxpayer "demonstrates good and sufficient cause for failing to file a timely claim."  The determination of good and sufficient cause is made by the assessor.